# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0879V

| | |
|---|---|
| J.S.,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 15, 2024 |

*Elizabeth Kyla Abramson*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

On August 10, 2022, J.S. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") resulting from an influenza ("flu") vaccine received on October 3, 2020. Petition at 1-11. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 17, 2023, I issued a ruling on entitlement, finding that Petitioner was entitled to compensation for GBS (ECF No. 23). On April 29, 2024, I issued a decision

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

awarding damages after a "Motions Day" hearing (ECF No. 41). The next day, Petitioner filed a timely motion to redact the damages decision. Petitioner's Motion to Redact, filed April 30, 2024 (ECF No. 42) ("Mot."). Petitioner states that Respondent does not oppose redaction. Mot. at *5. On May 10, 2024, Respondent's counsel confirmed by informal email communication that Respondent did not intend to file a response. Informal Communication, filed May 10, 2024.

In the motion, Petitioner argues that the April 29th damages decision describes private aspects of Petitioner's medical condition that would not be obvious to an outside observer, but which are of a personal and sensitive nature. Mot. at *2-3. He seeks redaction to avoid social stigma, embarrassment, and stress on his personal and intimate relationships that disclosure would bring. *Id.* Thus, Petitioner requests to redact his name to his initials to protect him from harm, while affording public access to the substantive analysis in the decision. *Id.* at *5.

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection. Instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human*

2

*Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's general concern for privacy, shared by many vaccine case petitioners, is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. In this case, however, Petitioner has presented a credible argument that public disclosure of his name, given discussion of some aspects of his personal health, poses sufficient risks to his privacy that redaction is warranted.

## Conclusion

**Accordingly, for the reasons set forth above, Petitioner's motion to redact (ECF No. 42) is <u>GRANTED</u>. The Clerk is hereby instructed to amend the caption to the caption reflected in this Order.**

**A redacted version of the April 29, 2024 Decision shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
