# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0879V

| | |
|---|---|
| J.S.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2024 |

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 10, 2022, J.S. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") resulting from an influenza vaccine received on October 3, 2020. Petition at 1-11. On April 29, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $84,827.41 (representing $82,353.70 for fees $2,473.71 for costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs, filed June 7, 2024, ECF No. 49. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 49-4.

Respondent reacted to the motion on June 14, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50.

On June 14, 2024, Petitioner filed a reply, reiterating the arguments set forth in her motion. Petitioner's Reply to Response, ECF 51. On August 1, 2024, she filed an amended motion providing the new address for the firm's main office: 1515 Ringling Blvd., Suite 700, Sarasota FL 34236, where Petitioner requests that the check be mailed.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte,* apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Ms. Abramson are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $72.90.[4]**

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed May 17, 2023, ECF No. 29 (noting an impasse in damages discussions); Petitioner's Motion for Damages, filed July 17, 2023, ECF No. 31; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Damages, filed Oct. 5, 2023, ECF No. 35; Minute Entry, dated Apr. 26, 2024 (for April 26, 2024 expedited hearing). Petitioner's counsel expended approximately 27.4 hours drafting the motion and 17.8 hours drafting the reply, totaling 45.2[5] hours. ECF No. 49-2 at 23-27.

---

[3] These entries, drafting basic documents such as a notice of filing and exhibit list, are dated as follows: 8/10/22, 8/16/22, 10/5/22, 4/7/23, 10/5/23. ECF No. 49-2 at 16, 18, 22, 27.

[4] This amount consists of ($250 - $177) x 0.7 hrs. + ($295 – $186) x 0.2 hrs. = $72.90.

[5] These totals are calculated as follows: 35.5 hours billed on 6/6/23 (two entries), 6/7/23 (two entries), 6/8/23, 6/9/23, 6/12/23, 6/13/23, 6/14/23, 9/28/23, 9/29/23, 10/2/23, 10/3/23, 10/4/23, and 10/5/23, billed at a rate of $295 by Elizabeth Abramson; and 9.3 hours billed on 7/6/23, 7/7/23, 7/10/23, 7/14/23, and 7/17/23, billed at a rate of $492 by Alison Haskins; and 0.4 hours billed on 10/5/23 by Catherine Costigan at a rate of $370. ECF No. 49-2 at 23-27.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 49-2 at 24 (entries dated 6/14/23 and 6/23/23). Nor did I include time spent researching, reviewing documentation, and conferring with other attorneys regarding Petitioner's lost wages claim and mileage calculations. *See,* e.g., *id.* at 24, 27 (entries dated 6/22/23, 7/7/23, and 10/4/23).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, even considering the issue of lost wages since much of this time has been excluded from my calculations. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in less than half the time.[7] Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 45.2 hours, or $15,196.10)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the

---

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] *See,* e.g., *O'Donnell v. Sec'y of Health & Hum. Servs.*, No. 21-1508V (Nov. 22, 2024) (15.9 and 6.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Feitel v. Sec'y of Health & Hum. Servs.*, No. 21-1370V May 6, 2024) (14.7 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hobbs v. Sec'y of Health & Hum. Servs.*, No. 21-1442V (Apr. 9, 2024) (18.0 and 4.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Poteet v. Sec'y of Health & Hum. Servs.*, No. 20-1295V (Apr. 1, 2024) (19.4 and 12.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Vallee v. Sec'y of Health & Hum. Servs.*, No. 20-1381V (Mar. 26, 2024) (7.1 and 4.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-0146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

4

overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $4,558.83.**[9]

## ATTORNEY AND COSTS

Petitioner has provided supporting documentation for all claimed costs, except for the cost of some postage which I nevertheless will reimburse. ECF No. 49-3. I have reviewed these costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$80,195.68 (representing $77,721.97 for fees and $2,473.71 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher and Toale Law, 1515 Ringling Blvd., Suite 700, Sarasota FL 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] This amount is calculated as follows: 35.5 hrs. x $295 x .30 + 9.3 hrs. x $492 x .30 + 0.4 hrs. x $370 x .30 = $15,196.10.

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.